**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

----------------------------------------

**No. 04-10824**
**Non-Argument Calendar**

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2005
THOMAS K. KAHN
CLERK

BIA No. A78-409-431

EMILIO AVELLANEDA,

                                        Petitioner,

                        versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

----------------------------------------------------------------

**Petition for Review of an Order of the**
**Board of Immigration Appeals**

----------------------------------------------------------------

(August 29, 2005)

**Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.**

PER CURIAM:

Emilio Avellaneda petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings in which he previously had been denied cancellation of removal. Removal proceedings commenced after 1 April 1997; the permanent provisions of the Immigration and Nationality Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern this petition. Upon review, we deny the petition.

Removal proceedings commenced against Avellaneda in November 2000. Avellaneda applied for cancellation of removal, arguing (1) that he had arrived in the United States in November 1990 and (2) that his removal would cause exceptional hardship to his children, two of whom are United States citizens. Avellaneda presented much documentation to support his application.

After holding hearings, the immigration judge (IJ) denied Avellaneda's application. The IJ determined that Avellaneda failed to demonstrate that a qualifying family member would suffer exceptional and extremely unusual hardship if Avellaneda was removed. See 8 U.S.C. § 1229b(b)(1)(D). And the IJ

2

opined that Avellaneda had not proved that he had met the ten-year continuous physical presence requirement. See 8 U.S.C. § 1229b(b)(1)(A).

Avellaneda appealed to the BIA, arguing (1) he did satisfy the ten-year continuous physical presence requirement and (2) his two U.S. citizen children would suffer extreme hardship if he was removed to Mexico. But the BIA, without opinion, affirmed the IJ's decision. The record does not show that Avellaneda petitioned this Court for review of the BIA's decision.

Avellaneda then filed with the BIA a motion to reopen based on the alleged errors cited in his appeal and on "new equities that have not been considered." These "new equities" were that his two U.S. citizen children have continued to go to school and are more accustomed to their lives in the United States. The BIA denied Avellaneda's motion to reopen: he had offered no new or previously unavailable evidence on the exceptional hardship issue.

Avellaneda now argues that BIA failed to take into consideration the "accumulated equitable factors" occurring after the IJ entered her decision. Avellaneda again avers that his children now are older and have become more assimilated to living in the United States: an extreme hardship would arise if the children are separated from their father or if they have to live in Mexico. Avellaneda contends that the BIA should have examined the hardship to his

3

children if they were to lose a U.S. education and medical care. And Avellaneda

asserts that he has been physically present in the United States for over ten years.[1]

We review for an abuse of discretion the BIA's denial of a motion to

reopen. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.2 (11th Cir. 2005).

Motions to reopen are disfavored in a deportation proceeding: "as a general

matter, every delay works to the advantage of the deportable alien who wishes

merely to remain in the United States." I.N.S. v. Doherty, 112 S.Ct. 719, 724-25

(1992). The regulations governing motions to reopen state, among other things,

that the motion to reopen "shall not be granted unless it appears to the [BIA] that

evidence sought to be offered is material and was not available and could not have

been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1).

We discern no abuse of discretion in the BIA's denial of Avellaneda's

motion to reopen. He identifies "new equities" that he claims the BIA failed to

consider: that his U.S. citizen children have become more assimilated into U.S.

---

[1] To the extent that Avellaneda attempts to challenge the IJ's determination that he failed to show the requisite hardship to his U.S. citizen children, we cannot review this claim. Avellaneda cannot appeal this determination because he did not file a petition for review of the BIA's decision affirming, without opinion, the IJ's denial of his application for cancellation of removal. See 8 U.S.C. § 1252(b)(1), (2) (petition for review of order of removal must be filed in this Court within 30 days of date of final order of removal); Stone v. INS, 115 S.Ct. 1537, 1549 (1995) (statutory time limits for filing petition for review in immigration case are "mandatory and jurisdictional"). We lack jurisdiction to review the IJ's discretionary decision that Avellaneda failed to show "exceptional and extremely unusual hardship." Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332-33 (11th Cir. 2003).

culture and have continued in their education. But he presented substantially the same argument in his initial application for cancellation of removal: that his U.S. citizen children would suffer an exceptional hardship if he were deported to Mexico. These alleged "new equities" are merely the result of the passage of time. They are not the sort of material and previously unavailable evidence that the regulations require in a motion to reopen. <u>See</u> 8 C.F.R. § 1003.2(c)(1). In other words, Avellaneda has failed to show how the arguments and evidence he presented to the BIA in his motion to reopen was material or previously unavailable during his original hearing.

**PETITION DENIED.**